# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Chai Ly,

        Petitioner,

v.

Pamela Bondi, et al.,

        Respondents.

No. CV-25-03443-PHX-KML (JZB)

**ORDER**

On November 6, 2025, Petitioner, through counsel, filed the operative amended habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), a Motion for Preliminary Injunction requesting the same, and a Motion for Discovery. (Docs. 10, 11, 12).[1] By Order dated November 13, 2025, the Court ordered Respondents to answer the Petition and respond to the injunctive motion on an expedited basis. (Doc. 7).[2] Both the Petition and injunctive motion are now fully briefed. (Docs. 18, 32). For the reasons that follow, the Court will

---

[1] In the Amended Petition, Petitioner also raised a challenge to the possibility he might be removed to a third country. (Doc. 10 at 10). There is no indication Respondents are seeking to remove Petitioner to a third country. Therefore, Petitioner's claim regarding third country removal is, at this juncture, speculative. For purposes of standing, an injury must be "'concrete and particularized,' as well as 'actual or imminent,'" and cannot be 'conjectural or hypothetical.'" *Carney v. Adams*, 592 U.S. 53, 58 (2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). It is not at all clear Petitioner will be subject to third country removal. Accordingly, Ground Two will be dismissed without prejudice.

[2] The Motion for Discovery was subsequently denied as moot. (Doc. 24).

grant the Petition and order that Petitioner be immediately released from custody.

## I.    Background

Petitioner is a native of Vietnam who entered the United States as a lawful permanent resident in 1987. (Doc. 18-1 ¶ 4).  After two criminal convictions, DHS initiated removal proceedings against Petitioner, and he was taken into ICE custody on or about February 8, 2000.  (*Id.* ¶¶ 5-8).  On May 2, 2000, an immigration judge (IJ) ordered Petitioner removed to Vietnam; Petitioner waived appeal and the order became final that same day.  (*Id.* ¶ 10).  On or about October 23, 2000, Petitioner was released from ICE custody.  (*Id.* ¶ 11).  After two additional convictions, Petitioner was re-detained by ICE on November 21, 2006; however, he was released from ICE custody on an Order of Supervision on February 26, 2007.  (*Id.* ¶¶ 12-14).  After additional petty criminal convictions, Petitioner was again re-detained by ICE on May 9, 2025.  (*Id.* ¶¶ 15-19).  On September 2, 2025, ICE Enforcement and Removal Operations (ERO) "sent the final travel document request to headquarters." (*Id.* ¶ 25).  As of that date, "the travel document request was pending a review by a Detention Deportation Officer [] at headquarters." (*Id.*).  On October 3, 2025, ERO was advised that the request was still "pending DDO review." (*Id.* ¶ 26).  On October 19, November 2, and again on November 18, 2025, ERO "emailed headquarters for an update on the travel document request," but apparently received no response.  (*Id.* ¶¶ 27-29).

As of the date of this Order, Petitioner remains detained by ICE.

## II.    Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final.  Detention during this removal period is mandatory.  8 U.S.C. § 1231(a)(2).  If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary.  8 U.S.C. § 1231(a)(6).  That discretion, however, is not unfettered, and indefinite detention is not permitted.  *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6)

"does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## III.    Discussion

Here, Petitioner's removal order became final on May 2, 2000. (Doc. 18-1 ¶ 10). As such, the § 1231(a)(1) removal period expired 90 days later (*i.e.* approximately August 2, 2000), and—given the repeated instances in which Petitioner has been detained and the length of time in which he has been presently detained—the post-§ 1231(a)(1) *Zadvydas* period has also expired as of the date of this Order. Indeed, Respondents make no argument that the Petition is premature. Accordingly, as of the date of this Order, Petitioner has been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*. As such, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner argues that there is no reason to expect that Respondents will be able to effectuate his removal given that the government has unsuccessfully attempted to do so on multiple prior occasions over the past 25 years, and has—to date—failed to even request travel documents from Vietnam in order to effect his removal. The Court is inclined to agree. Respondents have attempted to remove Petitioner at least twice previously, but were

unable to do so.  (Doc. 18-1 ¶¶ 11, 14).  No evidence has been provided to support that this dynamic has changed.  Respondents state that "ICE routinely receives travel documents for Vietnamese citizens," and in 2025 "removed at least 587 Vietnamese citizens to Vietnam."  (Doc. 18-1 ¶¶ 31-32).  However, this argument says nothing about Respondents' ability to remove *Petitioner*, as opposed to "Vietnamese citizens" in the abstract.  Notably, as examples, Respondents cite to *Long Phi Do v. Rivas, et al.*, 2:25-CV-01885-PHX-KLM (ASB) (D.Ariz. 2025), and *Bui v. Archambeault*, 2:25-CV-03774-PHX-KML (JFM) (D.Ariz. 2025), as local examples in support of their position.  (Doc. 18 at 4). However, in each of those cases, Respondents had at least submitted travel document requests to Vietnam and were simply awaiting a response.  *See Do*, 2:25-CV-01885-PHX-KLM (ASB) (Doc. 13-1 ¶ 32); *Bui*, 2:25-CV-03774-PHX-KML (JFM) (Doc. 7-1 ¶ 15). Here, despite having already detained Petitioner for eight months, Respondents have not even done that.  (*See* Doc. 18-1).  Indeed, Respondents have not even been able to get a response *from their own headquarters* about the "status" of the DDO's "review."  (*Id.* ¶¶ 25-29).

On this record, the Court finds both that Petitioner has shown "good reason" to believe that his removal to Vietnam is not significantly likely to occur in the reasonably foreseeable future, and that Respondents have failed to rebut that showing with sufficient evidence.  Respondents have had more than 25 years to effect Petitioner's removal but have been unable to do so despite repeated attempts, and no evidence has been provided to support that removal is significantly likely to occur in the reasonably foreseeable future. Accordingly, the Court finds that Petitioner's continued detention is in violation of the Fifth Amendment, and will thus grant Count One of the Petition.

**IT IS THEREFORE ORDERED** that:

(1)   Count One of the Amended Petition for Habeas Corpus (Doc. 10) is **granted**. Count Two of the Petition is **denied without prejudice**.

(2)   Respondents must **IMMEDIATELY RELEASE** Petitioner from custody under the same conditions that existed prior to his re-detention.

- 4 -

(3)    Within **48 HOURS** of the date of this Order, Respondents must file a Notice of Compliance.

(4)    Petitioner's Motion for Preliminary Injunction (Doc. 11) is **denied as moot**.

(5)    The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 21st day of January, 2026.

_Krissa M. Lanham_

**Honorable Krissa M. Lanham**
**United States District Judge**

- 5 -